UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RENEE S.,

                Plaintiff,

        v.                                     **DECISION AND ORDER**
                                                    20-CV-1546S
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

        1.        Plaintiff Renee S.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that she has been disabled since October 1, 2016, due to physical and mental limitations resulting from an automobile accident.  Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

        2.        Plaintiff filed her application for disability benefits on March 4, 2017.  After denial at the agency level, Plaintiff proceeded to a hearing before ALJ Mary Mattimore on April 22, 2019.  At the time of the hearing, Plaintiff was 48 years old, with at least a high school education, and had past relevant work as an accounts receivable clerk and bookkeeper.  The ALJ considered the case *de novo* and, on June 5, 2019, issued a written decision denying Plaintiff's application for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on August 26, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.	Plaintiff filed the current action on October 21, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on January 20, 2022. (Docket Nos. 12, 20, 21.) The case was thereafter assigned here on April 4, 2022, at which time this Court took the motions under advisement without oral argument. (Docket No. 22.) For the following reasons, Plaintiff's motion will be granted, Defendant's motion will be denied, and this case will be remanded to the Commissioner for further proceedings.

4.	A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405 (g).

5.	A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the

---

[2] The ALJ's June 5, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)). This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

       9.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

      10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

>perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since October 1, 2016 (alleged onset date) (R. at 31); (2) Plaintiff had numerous mental and physical impairments that constituted severe impairments within the meaning of the Act[3] (R. at

---

[3] The ALJ found that Plaintiff had the following severe impairments:

>adjustment disorder with depression and anxiety; post-traumatic stress disorder ("PTSD"); asthma; patella, ulna, right calcaneal, right humeral, right patella, left tibia, and a Monteggia fractures, status post open reduction and internal fixation in October 2016 with continued pain; left hip and femoral neck fractures, status post open reduction and internal fixation in January 2018; status post[-]surgical removal of hardware in her right foot in January 2018 and her left hip in November 2018; and degenerative disc disease of the cervical spine.

(R. at 31.)

6

31); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 31-34); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567 (a), with certain exceptions[4] (R. at 34-48); (5) Plaintiff was unable to perform her past relevant work as an accounts receivable clerk or bookkeeper (R. at 48), and (6) Plaintiff could perform jobs that exist in significant numbers in the national economy given her age, education, work experience, and RFC (R. at 49-50). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from October 1, 2016, through June 5, 2019. (R. at 29, 50.)

  13. Plaintiff challenges the ALJ's RFC determination, arguing that the ALJ (1) failed to account for her absenteeism, and (2) relied on her own lay opinion to formulate her RFC, rather than on non-stale, competent medical-opinion evidence. In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed. Because this Court finds that

---

[4] The ALJ found that Plaintiff had the RFC to perform sedentary work, with the following exceptions:

> she can walk for 15 minutes each hour[;] [t]he claimant requires a cane for ambulation[;] [s]he can never crouch, crawl, or climb ropes, ladders or scaffolds[;] [s]he can occasionally stoop and climb stairs[;] [t]he claimant can occasionally reach overhead and push and/or pull[;] [s]he can frequently reach in all other directions and frequently finger and feel[;] [s]he can occasionally operate foot controls[;] [t]he claimant cannot operate motor vehicles or be exposed to hazardous machinery and unprotected heights[;] [s]he cannot have concentrated exposure to fumes, odors, dust, gases, or other pulmonary irritants[;] [t]he claimant can perform simple routine work and make simple workplace decisions, but cannot work at production rate pace (*e.g.* assembly line)[;] [s]he can tolerate minimal changes in workplace processes and settings[;] [t]he claimant can occasionally interact with supervisors, coworkers, and the public.

(R. at 34-35.)

remand is necessary for proper consideration of Plaintiff's absenteeism, it does not reach Plaintiff's other points of error, which the ALJ and the parties are free to explore on remand.

14. Plaintiff argues that the ALJ failed to account for excessive absenteeism in the RFC assessment and should have found her disabled based on her extended hospitalizations and recoveries alone. There is no dispute that Plaintiff required multiple hospitalizations and periods of recovery to treat her various injuries from the automobile accident. (See, e.g., R. at 65, 309-97, 432, 764, 768, 777, 788, 813, 820, 838, 1159, 1195, 1203.) The record also reflects that she attended (and attends) countless medical appointments to address both physical and mental impairments and conditions. For example, Plaintiff testified that she has weekly, ongoing counseling appointments with her psychiatrist and must get injections in her feet every six weeks "for life" to treat her leg pain. (R. at 63-64, 67, 71-72, 74, 76, 85.) She further testified that she has "lots of doctor's appointments and therapy and stuff," and that "[t]here's a different doctor every week," including continuous physical therapy. (R. at 67-68, 78.) Various medical providers also opined that Plaintiff's physical and mental impairments would cause frequent absences. (R. at 693, 860, 1022.) Finally, Plaintiff testified that she cannot reliably drive. (R. at 78-79.)

15. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996)). To properly determine RFC, the ALJ must assess *all* relevant medical and other evidence in the record. See 20 C.F.R. § 416.945 (a)(1) (emphasis added). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical

history, clinical findings, and the claimant's own assessment of limitations. 20 C.F.R. § 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc. Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  It also includes, as pertinent here, the "effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)." SSR 96-8p, 1996 WL 374185, at *5 (July 2, 1996).

16.    While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole. See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).  In explaining RFC findings, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and is not precluded from crediting only portions of a medical opinion, see Younes v. Colvin, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015), but must explain why a medical opinion was not adopted if the RFC assessment conflicts with it, see Dioguardi, 445 F. Supp. 2d at 297.  Finally, the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion.  See Rosa, 168 F.3d at 79.

17.    As part of assessing *all* evidence informing a claimant's RFC, the ALJ must consider absenteeism where applicable:  "Absenteeism due to the frequency of treatment

9

is a relevant factor so long as the treatment is medically necessary and concerns the conditions on which the disability claim is founded." See Griffin v. Comm'r of Soc. Sec., No. 2:15-CV-13715, 2017 WL 991006, at *2 (E.D. Mich. Mar. 15, 2017).  This is because "excessive impairment-related absenteeism may render an unskilled worker unemployable." See Arnold v. Comm'r of Soc. Sec., 17-CV-987S, 2019 WL 2521179, at *6 (W.D.N.Y. June 19, 2019) (collecting cases).  Where an ALJ fails to make findings concerning the limitations caused by the claimant's need for treatment, remand may be required.  See Bellinger v. Comm'r of Soc. Sec., No. 3:17-CV-692 (MPS), 2018 WL 6716092, at *2-4 (D. Conn. Dec. 21, 2018) (remanding where ALJ failed to address claimant's need to be absent for weekly treatments); Quinto v. Berryhill, No. 3:17-CV-24 (JCH), 2017 WL 6017931, at *5 (D. Conn. Dec. 1, 2017) (remanding where ALJ failed to address claimant's need to use nebulizer daily).

18.  Here, the record reflects that Plaintiff's absenteeism is due to medically necessary treatments for conditions that form the basis of her disability claim.  See Griffin, 2017 WL 991006, at *2.  The record further contains medical-opinion evidence that Plaintiff's monthly absences would exceed those that an employer would tolerate.  Yet the ALJ never addressed Plaintiff's absenteeism, nor did she present any hypotheticals containing absenteeism at the hearing.  (R. at 93-95.)  She did, however, elicit testimony from the vocational expert that the maximum time-off-task and absenteeism for the available unskilled jobs was 15% and 90% of scheduled work time (approximately two missed days per month), respectively.  (R. at 96.)  But the vocation expert further testified that two absences per month would likely not be tolerated indefinitely.  (R. at 96, 98.)  And

he further suggested that weekly medical appointments could be work prohibitive. (R. at 98-99.)

19. Despite this evidence and testimony, the ALJ's written decision does not include any discussion or findings concerning what limitations, if any, Plaintiff's rigorous treatment regimen poses to her ability to meet the time-off-task and attendance requirements of the unskilled work the ALJ found she could perform consistent with her RFC.[5]  In the absence of such findings for this Court to evaluate and given the requirement that such limitations be fully considered in forming Plaintiff's RFC, this Court finds that remand is required for proper evaluation of the record evidence. See Scott G. v. Comm'r of Soc. Sec., Case #1:19-cv-1482-DB, 2021 WL 958452, at *4 (W.D.N.Y. Mar. 15, 2021) (remanding where ALJ failed to consider whether claimant's treatment schedule could interfere with the ability to work); Wiltsie v. Comm'r of Soc. Sec., 17-CV-1201, 2019 WL 3219320, at *7-8 (W.D.N.Y. July 17, 2019) (remanding where the ALJ did not address claimant's likely absenteeism caused by the need to treat her combined impairments); Hayden v. Comm'r of Soc. Sec., 338 F. Supp. 3d 129, 135-38 (W.D.N.Y. 2018) (remanding where ALJ failed to address medical-opinion evidence that claimant would likely miss two days of work per month).

20. Accordingly, after carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 20) is GRANTED.

---

[5] The only reference in the decision is to the medical-opinion evidence, which the ALJ rejected, without elaboration, as inconsistent with the medical evidence. (R. at 45-46, 48.)

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 21) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:   July 21, 2022
         Buffalo, New York

                                                    s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                 United States District Judge